# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| INMOTION<br>23905 Mercantile Road<br>Beachwood, OH 44122<br><br>          Plaintiff,<br><br>v.<br><br>IM PARTNERS LLC<br>685 Dover Street<br>Boca Raton, FL 33487<br><br>          Defendant. | CASE NO.<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT; FALSE DESIGNATION OF ORIGIN; UNFAIR COMPETITION; AND DEMAND FOR TRIAL BY JURY** |

Plaintiff InMotion ("InMotion"), by and through its attorneys, Tucker Ellis LLP, files its Complaint against Defendant IM Partners LLC ("Defendant") for injunctive relief and damages as follows:

## SUBJECT MATTER JURISDICTION AND VENUE

1. This case is a civil action arising under the Lanham Act, 15 U.S.C. §§ 1114, 1125, *et seq*. This Court has subject matter jurisdiction over the federal claims in this Complaint which relate to trademark infringement pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, and 28 U.S.C. § 1338(a).

2. This Court has supplemental jurisdiction over the claims arising under Ohio law pursuant to 28 U.S.C. §§ 1338(b) and 1367(a) because the asserted state law claims are substantially related to the claims arising under the Lanham Act such that they form part of the same case or controversy.

3. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district, and a substantial part of property that is the subject of the action is situated in this judicial district

**PARTIES AND PERSONAL JURISDICTION**

4. InMotion is an Ohio corporation with its principal place of business at 23905 Mercantile Road, Beachwood, OH 44122.

5. InMotion is informed and believes, and on that basis alleges, that Defendant's principal place of business is located at 685 Dover St., Boca Raton, FL 33487.

6. This Court has personal jurisdiction over Defendant because (1) Defendant conducts business within Ohio and this judicial district; (2) the causes of action asserted in this complaint arise out of Defendant's contacts with Ohio and this judicial district; (3) Defendant has caused tortious injury to InMotion in Ohio and in this judicial district; and (4) Defendant has undertaken acts of trademark and service mark infringement, false designation of origin, unfair competition, and false advertising that were directed at Ohio with the knowledge that the brunt of injury would be felt by InMotion in Ohio.

**THE BUSINESS OF INMOTION**

7. InMotion is a non-profit that is well known as the preeminent provider of physical fitness studio services, wellness, and education programming and services for people with Parkinson's disease, not only locally but nationally.

8. InMotion owns the exclusive trademark and service mark rights to the INMOTION mark, which it uses in connection with physical fitness studio services and related services for people with Parkinson's disease.

9. Additionally, InMotion owns a United States trademark registration for the word mark INMOTION (Reg. No. 7,418,736) and a trademark application for the mark INMOTION and Design (Serial No. 98/008,572) (together, the "INMOTION Marks"), copies of which are attached hereto as **Exhibit 1**.

10. InMotion has been using its INMOTION Marks since at least 2013, with a first use in commerce as early as April 1, 2020. Having been widely promoted to the general public, and having exclusively identified InMotion and its services, the INMOTION Marks symbolize the goodwill associated with InMotion and its services.

11. InMotion provides its physical fitness, wellness, and education services to consumers in Beachwood, OH (a suburb of Cleveland), as well as throughout the United States via its virtual platform.

## DEFENDANT'S UNLAWFUL ACTIVITIES

12. InMotion is informed and believes, and on that basis alleges, that long after InMotion started using its INMOTION Marks, Defendant began offering competing, similar, or related physical fitness studio and wellness services, focusing on providing assisted stretching sessions, under the INMOTION WELLNESS STUDIO mark.

13. Defendant operates at 25 locations across seven states, including Ohio.

14. Defendant's four Ohio locations are all located in the Cleveland metropolitan area. Notably, one of Defendant's studios is located fewer than two miles away from InMotion's location.

15. InMotion has not authorized Defendant to use its INMOTION mark in connection with physical wellness services.

16. Defendant has filed trademark applications Serial No. 98/120,079 for the INMOTION WELLNESS STUDIO word mark and Serial No. 98/120,105 for the INMOTION WELLNESS STUDIO stylized mark, both covering "Providing fitness training services in the field of stretching and flexibility; providing personal fitness training for increased flexibility; providing assisted motion recovery therapy" in Class 41 (the "Infringing Marks"), copies of which are attached as **Exhibit 2**. Defendant's word mark application (Serial No. 98/120,079) claims a first date of use in commerce of May 1, 2021. Defendant's stylized mark application claims a first date of use in commerce of March 7, 2021.

17. Both of Defendant's applications are facing refusals based on the prior-filed applications by InMotion for its INMOTION Marks, as the USPTO examining attorney found a likelihood of consumer confusion due to the similarity of Defendant's applied-for marks with InMotion's prior-filed marks and the closeness of the respective services. Copies of the provisional refusal are attached hereto as **Exhibit 3**. In addition, the USPTO examiner requested a disclaimer

of "WELLNESS STUDIO" as a descriptive portion of Defendant's marks, confirming that "INMOTION" is the dominant portion of Defendant's marks.

18. Upon information and belief, InMotion's and Defendant's services are advertised in overlapping marketing channels and are offered in overlapping channels of trade. The respective consumers are also overlapping.

19. InMotion has documented numerous instances of actual confusion in the marketplace between InMotion and its INMOTION Marks and Defendant and its Infringing Marks. InMotion has received numerous communications from its clients and customers asking about Defendant's studios, including whether Defendant is affiliated with InMotion and whether InMotion is aware of Defendant. InMotion has also received numerous misdirected communications from Defendant's clients asking to book or otherwise manage their appointments or memberships with Defendant. Additionally, Defendant's clients have entered InMotion's office to begin their appointments, ask for Defendant's staff members, or conduct other business related to Defendant and unrelated to InMotion.

20. Despite InMotion's cease-and-desist letter notifying Defendant of its infringement, Defendant has continued to use the Infringing Marks and to willfully infringe InMotion's trademark rights.

## FIRST CAUSE OF ACTION

### (Trademark Infringement Under 15 U.S.C. § 1114)

21. InMotion realleges and incorporates by reference each of the allegations contained in paragraphs above as though fully set forth here.

22. InMotion owns a valid trademark registration, Reg. No. 7,418,736 for the INMOTION mark in connection with fitness studio and fitness education services, with a first date of use in commerce as early as April 1, 2020.

23. Defendant's subsequent use in commerce of the Infringing Marks in connection with similar, related, or complementary services is likely to cause confusion, mistake, or to deceive.

4

24. The above-described acts of Defendant constitute trademark infringement in violation of 15 U.S.C. § 1114(1), entitling InMotion to relief.

25. Defendant has unfairly profited from the trademark infringement alleged.

26. By reason of Defendant' acts of trademark infringement, InMotion has suffered damage to its business and to the goodwill associated with the INMOTION Marks.

27. Defendant's acts of trademark infringement have irreparably harmed and, if not enjoined, will continue to irreparably harm InMotion and its INMOTION Marks.

28. Defendant's acts of trademark infringement have irreparably harmed and, if not enjoined, will continue to irreparably harm the general public who has an interest in being free from confusion, mistake, and deception.

29. The above-described acts of Defendant were willful and repeated.

30. By reason of Defendant's infringing acts and continued recalcitrant behavior, InMotion's remedy at law is not adequate to compensate it for the injuries inflicted by Defendant. Accordingly, InMotion is entitled to entry of a temporary restraining order against Defendant and preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

31. By reason of Defendant's willful acts of trademark infringement, InMotion is entitled to damages, and that those damages be trebled under 15 U.S.C. § 1117.

32. This is an exceptional case making InMotion eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

## **SECOND CAUSE OF ACTION**

**(Trademark Infringement and False Designation of Origin Under**

**15 U.S.C. § 1125(a))**

33. InMotion realleges and incorporates by reference each of the allegations contained in paragraphs above as though fully set forth.

34. Defendant's use in commerce of the Infringing Marks is likely to cause confusion, or to cause mistake, or to deceive the relevant public that Defendant's services are authorized, sponsored or approved by or are affiliated with InMotion.

35. The above-described acts of Defendant constitute trademark infringement of the INMOTION Marks and false designation of origin in violation of 15 U.S.C. § 1125(a), entitling InMotion to relief.

36. Defendant has unfairly profited from the trademark infringement alleged, and InMotion is entitled to a disgorgement of Defendant's profits pursuant to 15 U.S.C. § 1117.

37. Defendant has unfairly profited from the actions alleged herein and will continue to unfairly profit and become unjustly enriched unless and until such conduct is enjoined.

38. Defendant's acts of trademark infringement and false designation of origin have irreparably harmed and, if not enjoined, will continue to irreparably harm InMotion and its INMOTION Marks.

39. Defendant's acts of trademark infringement and false designation of origin have irreparably harmed, and if not enjoined, will continue to irreparably harm the general public which has an interest in being free from confusion, mistake, and deception.

40. The above-described acts of Defendant were willful and repeated.

41. By reason of Defendant's infringing acts and continued recalcitrant behavior, InMotion's remedy at law is not adequate to compensate it for the injuries inflicted by Defendant. Accordingly, InMotion is entitled to entry of a temporary restraining order against Defendant and preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

42. By reason of Defendant's willful acts of trademark infringement, InMotion is entitled to damages, and it is entitled to have those damages trebled under 15 U.S.C. § 1117.

43. This is an exceptional case making InMotion eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

## THIRD CAUSE OF ACTION

### (Unfair Competition under Ohio Revised Code §§ 4165.01 *et seq.* and Ohio Common Law)

44. InMotion realleges and incorporates by reference each of the allegations contained in paragraphs above as though fully set forth.

6

45. Defendant's use of the confusingly similar Infringing Marks is likely to cause confusion, or to cause mistake, or to deceive the relevant public that Defendant's goods or services are produced by, authorized by, sponsored by, approved by, or affiliated with InMotion.

46. Defendant's conduct as described herein constitutes unfair competition, including deceptive trade practices, in violation of Ohio Revised Code §§ 4165.02, and under the common law of the State of Ohio.

47. Due to Defendant's conduct, InMotion has suffered and will continue to suffer irreparable harm.

48. InMotion's remedy at law is not adequate to compensate it for the injuries already inflicted and further threatened by Defendant. Accordingly, InMotion is entitled to preliminary and permanent injunctive relief pursuant to Ohio Revised Code §§ 4165.03.

## Request for Relief

Therefore, InMotion respectfully requests judgment as follows:

1. That the Court enter a judgment against Defendant that Defendant has:

    a. Infringed the rights of InMotion in its INMOTION Marks in violation of 15 U.S.C. § 1114;

    b. Infringed the rights of InMotion in its INMOTION Marks in violation of 15 U.S.C. § 1125(a);

    c. Created a false association with InMotion and its INMOTION Marks; and

    d. Engaged in unfair competition in violation of Ohio Revised Code §§ 4165.01 *et seq.* and Ohio common law.

2. That each of the above acts by Defendant were willful.

3. That the Court issue a Temporary Restraining Order and Preliminary Injunction enjoining and restraining Defendant and their respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendant, from:

    a. Engaging in any activity that infringes InMotion's trademark rights, including

7

       advertising, promoting, marketing, selling and offering for sale any goods or services in connection with the Infringing Marks or any mark confusingly similar to the INMOTION Marks;

   b. Engaging in any activity, including making any false or misleading statements regarding InMotion and including those that would create any association with Defendant or imply any kind of endorsement or sponsorship (or lack thereof);

   c. Engaging in any unfair competition with InMotion.

4. That InMotion be awarded damages for Defendant's trademark infringement, false designation of origin, and unfair competition.

5. That the damages be trebled pursuant to 15 U.S.C. § 1117.

6. That the Court award InMotion its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117, Ohio Revised Code §§ 4165.03, and any other applicable provision of law.

7. That the Court award InMotion its costs of suit incurred herein.

8. That InMotion be awarded such other relief as may be appropriate, including costs of corrective advertising.

Dated:    August 20, 2024        Respectfully submitted,

TUCKER ELLIS LLP

/s/ *Michael Craig*
Michael Craig (OH Bar No. 81777)
950 Main Avenue, Suite 1100
Cleveland, OH 44113
Telephone:   216.592.5000
Facsimile:    216.592.5009
E-mail:   michael.craig@tuckerellis.com

Keith Grady (*pro hac vice*)
100 South Fourth Street, Suite 600
St. Louis, MO 63102
Telephone:   314.256.2550
Facsimile:    314.256.2549
E-mail:   keith.grady@tuckerellis.com

Dina Roumiantseva (*pro hac vice*)
201 Mission Street, Suite 2310
San Francisco, CA 94105
Telephone:   415.617.2132
Facsimile:    415.617.2409
E-mail:   dina.roumiantseva@tuckerellis.com

*Attorneys for Plaintiff InMotion*

## DEMAND FOR TRIAL BY JURY

Plaintiff InMotion hereby demands a trial by jury to decide all issues so triable in this case.

Dated:     August 20, 2024

>Respectfully submitted,
>
>TUCKER ELLIS LLP
>
>
>*/s/ Michael Craig*
>Michael Craig
>950 Main Avenue, Suite 1100
>Cleveland, OH 44113
>Telephone:   216.592.5000
>Facsimile:    216.592.5009
>E-mail:   michael.craig@tuckerellis.com
>
>Keith Grady (*pro hac vice*)
>100 South Fourth Street, Suite 600
>St. Louis, MO 63102
>Telephone:   314.256.2550
>Facsimile:    314.256.2549
>E-mail:   keith.grady@tuckerellis.com
>
>Dina Roumiantseva (*pro hac vice*)
>201 Mission Street, Suite 2310
>San Francisco, CA 94105
>Telephone:   415.617.2132
>Facsimile:    415.617.2409
>E-mail:   dina.roumiantseva@tuckerellis.com
>
>*Attorneys for Plaintiff InMotion*